UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

        v.                                                    Crim. No. 09-139 (JNE/JJK)
                                                           ORDER

Arthur James Chappell,

        Defendant.

---

This case is before the Court on a Report and Recommendation issued by the Honorable Franklin L. Noel, United States Magistrate Judge, on July 18, 2012. The magistrate judge recommended that this Court grant Defendant's Motion to Dismiss the Indictment for Vindictive Prosecution. The Government objected to the Report and Recommendation, and Defendant responded. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court declines to adopt the Report and Recommendation.

On September 15, 2010, Defendant Chappell was convicted on one count of sex trafficking of a minor. Defendant appealed that conviction to the Eighth Circuit Court of Appeals, and the case was reversed and remanded for a new trial. After the case was remanded, a second grand jury returned a Superseding Indictment that charged Defendant with the same count of sex trafficking of a minor. The Superseding Indictment also charged Defendant with ten additional counts.[1] Defendant moved to dismiss the ten new counts for vindictive prosecution. On July 9, 2012, the magistrate judge issued an Order scheduling a hearing to

---

[1] The ten counts include: sex trafficking of a minor, possession of child pornography, conspiracy to possess child pornography, conspiracy to produce child pornography, two counts of enticement to ravel to engage in prostitution, two counts of transportation with intent to engage in prostitution, one count of conspiracy to entice to travel in interstate commerce to engage in prostitution, and conspiracy to transport with intent to engage in prostitution.

1

determine whether the Government had sufficient evidence to rebut the presumption of prosecutorial vindictiveness as established in *Blackledge v. Perry*, 417 U.S. 26 (1974), and *North Carolina v. Pearce*, 395 U.S. 711 (1969). The Government objected and appealed the July 9 Order, arguing that the presumption of vindictiveness did not apply and that an evidentiary hearing was unwarranted. The magistrate judge then vacated the portion of the July 9 Order that called for an evidentiary hearing. On July 18, the magistrate judge issued a Report and Recommendation, finding that because the government presented no evidence to rebut the presumption of prosecutorial vindictiveness, the ten new counts of the Superseding Indictment must be dismissed.

"A prosecutor's discretion to charge is very broad but cannot be based upon vindictiveness or exercised in retaliation for a defendant's exercise of a legal right." *United States v. Rodgers*, 18 F.3d 1425, 1429 (8th Cir. 1994). "To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'" *United States v. Goodwin*, 457 U.S. 368, 372 (8th Cir. 1982) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)). In the absence of objective evidence that a prosecutor's decision to seek a more severe penalty was intended to punish the defendant for exercising a legal right, a defendant "is entitled to a presumption of vindictiveness where there exists a reasonable likelihood of vindictiveness, which may arise when prosecutors increase the number or severity of charges." *United States v. Campbell*, 410 F.3d 456, 461 (8th Cir. 2005). "It is the defendant's burden to show that the prosecution was brought in order to punish the defendant for the exercise of a legal right," and "[t]he burden is a heavy one," since prosecutors have broad discretion in enforcing criminal statutes. *Id.*

2

Defendant does not assert that there is objective evidence that the prosecutor's decision to add ten new charges was to punish Defendant for exercising his right to appeal. Rather, he argues that the presumption of prosecutorial vindictiveness applies in this case. But the presumption applies "only in 'rare instances.'" *Id.* at 462 (quoting *United States v. Kriens*, 270 F.3d 597, 602 (8th Cir. 2001)). "A presumption does not arise just because action detrimental to the defendant was taken after the exercise of the defendant's legal rights; the context must also present a reasonable likelihood of vindictiveness." *Id.* "Although a rebuttable presumption of vindictiveness may arise when prosecutors increase the number or severity of charges," if there are objective circumstances that "should indicate to a reasonable minded defendant that the prosecutor's decision to increase the severity of charges was motivated by some purpose other than a vindictive desire to deter or punish appeals, no presumption of vindictiveness is created." *United States v. Punelli*, 892 F.2d 1364, 1371 (8th Cir. 1990) (citation omitted).

Where "objective circumstances indicate that the prosecutor's decision to reindict was motivated by some purpose other than a vindictive desire to punish [a defendant's] exercise of his right to appeal," the presumption of prosecutorial vindictiveness does not apply. *Id.* at 1372. This is true even in cases where the defendant is charged with additional counts following the exercise of his right to appeal. *See Campbell*, 410 F.3d at 461-62 (finding that the presumption did not apply, even though the defendant was charged with an additional count after exercising his legal rights); *United States v. Peoples*, 360 F.3d 892, 896 (8th Cir. 2004) (declining to apply the presumption where the prosecutor added an additional count after the defendant's successful appeal); *Punelli*, 892 F.2d at 1371-71 (refusing to apply the presumption where the defendant was initially charged with three counts, and following a mistrial and appeal was subsequently charged with five counts); *United States v. Partyka*, 561 F.2d 118 (8th Cir. 1977) (finding that

3

the presumption did not apply where the defendant was charged with an additional count after a successful appeal, even though the new charge could have been included in the initial prosecution).

Here, the context and objective circumstances do not present a reasonable likelihood of vindictiveness. First, seven of the ten new counts pertain to different events involving different victims than the one involved in the original charge.[2] The three new counts that pertain to the same victim as the original charge relate to entirely different events and conduct—the original charge was for sex trafficking of a minor, whereas the new charges concern child pornography. The Eighth Circuit Court of Appeals has been clear that the presumption of prosecutorial vindictiveness as articulated in *Blackledge v. Perry*, 417 U.S. 26 (1974), does not "tak[e] away from prosecutors their traditional and proper discretion in deciding which of multiple possible charges against a defendant are to be prosecuted or whether they are all to be prosecuted at the same time." *Partyka*, 561 F.2d at 124. "[W]e not think that *Perry* holds that if at a given moment a prosecutor is in a position to indict a defendant on *two separate felony charges growing out of different events* he must indict on both charges at the same time unless he cares to assume the risk that if a prosecution on one charge only aborts as a result of defense efforts, it will be held that he has been guilty of vindictive prosecution if he promptly obtains an indictment on the other charge." *Id.* (emphasis added).

Second, this is not a case in which the prosecutor substituted a more serious charge for the original charge. *See, e.g.*, *Blackledge*, 417 U.S. at 27-28 (applying a presumption of prosecutorial vindictiveness where the prosecutor initially charged the defendant with a misdemeanor, but following the defendant's notice of appeal, charged the defendant with a

---

[2] Counts 2 and 6-11 of the Superseding Indictment relate to victims other than the one involved in the original count.

felony that covered the same conduct as the previous misdemeanor charge); *Thigpen v. Roberts*, 468 U.S. 27, 30-31 (1984) (applying the presumption where the defendant "was convicted of a misdemeanor and exercised his right to a trial *de novo*, only to be confronted with a felony charge" that "covered the same conduct as the misdemeanors he sought to appeal"). The original count of sex trafficking of a minor carried a maximum sentence of life imprisonment. *See* 18 U.S.C. § 1591(b)(1). The only more serious penalty would be mandatory life imprisonment or the death penalty—and none of the new counts carry those penalties. No more serious charge has been substituted for the original one—in fact, the original charge still remains—and Defendant has not been subjected "to a significantly increased potential period of incarceration." *Blackledge*, 417 U.S. at 28.

The objective circumstances in this case do not warrant the application of the presumption of prosecutorial vindictiveness. Even if the presumption did apply, however, the Government has proffered "legitimate, objective reasons for its conduct." *Rodgers*, 18 F.3d at 1431. The additional charges in this case arose out of a combination of circumstances that do not indicate that the prosecutor was motivated by a vindictive desire to punish Defendant for exercising his right to appeal. The Government contends that its decision to add the new charges was done for several reasons: (1) as a response to Defendant's rejection of a plea offer; (2) because of newly discovered evidence; and (3) trial strategy. These are all permissible, non-vindictive reasons for the addition of the new charges. *See, e.g.*, *Bordenkircher*, 434 U.S. at 363 (finding no vindictive prosecution where additional charges were brought in response to the defendant's refusal to plead guilty to the original charge); *Campbell*, 410 F.3d at 462 (finding no vindictive prosecution where the new charges were added because of evidence discovered shortly before the first trial); *United States v. Safavian*, 649 F.3d 688 (D.C. Cir. 2011) (finding

5

that the Government's "trial strategy" rationale for the addition of a new charge was objectively reasonable).

The record indicates that the Government's witness and victim, "C," had been effectively cross-examined and possibly discredited during the original trial. To address concerns regarding the witness's credibility and recollection problems that surfaced during the first trial, the Government brought additional charges pertaining to different victims, so as to increase the probability of a conviction. Further, the Government had only learned that one of those individuals had been a victim the weekend before trial, when it was too late to superseded the indictment. The Government brought the new child pornography charges—in which the victim is "C"—because these counts do not depend on victim testimony—again addressing the concerns the first trial raised with respect to this victim's credibility and recollection. The Court finds that even if the presumption of prosecutorial vindictiveness did apply under these factual circumstances, the Government has proffered sufficient legitimate, non-vindictive reasons for its decision to rebut the presumption.

Based on its review of the record, and for the reasons stated above, the Court declines to adopt the Report and Recommendation. Therefore, IT IS ORDERED that:

1. Defendant's Motion to Dismiss the Indictment for Vindictive Prosecution [Docket No. 192] is DENIED.


Dated: September 10, 2012

                                                  s/Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge