UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                                          Crim. No. 09-139 (JNE/JJK)
                                                          ORDER

Arthur James Chappell,

    Defendant.

      This matter is before the Court on *pro se* Defendant's Motion to Continue the Trial Date, filed on September 28, 2012. This is Defendant's second motion to continue the trial date. The trial in this case was scheduled to begin on September 24, 2012. On September 19, the Court granted Defendant's motion to proceed *pro se*. On September 20, 2012, Defendant filed a motion for a continuance, asserting that he needed additional time to interview witnesses, review discovery, and prepare motions. The Court granted that motion in part on September 21 and rescheduled the trial to begin on October 9, 2012. Defendant now requests a further continuance, in part for the same reasons as set forth in his previous motion. In addition, Defendant provides several other reasons for his request, including his receipt of additional discovery from the Government, his receipt of materials from standby counsel, time to examine computers, a desire to conduct further investigation, time for the Court to take Defendant's motions under advisement, the pendency of Defendant's interlocutory appeal, and a delay in communication between Defendant and the Court.

      First, there is nothing about the discovery process in this case that warrants a further continuance. The Government asserts—and the Court has no reason to doubt—that virtually all of the material with which Defendant has been provided has previously been provided to

Defendant and/or his counsel. Criminal trials are fast-paced, and there is no indication that discovery in this case has proceeded in any way such as to require an additional continuance.

Second, Defendant asserts that he has obtained the services of a forensic expert to examine the computers in the Government's possession, and that paperwork completion has somehow presented an obstacle to accomplishing the examination prior to trial. He requests a continuance until the examination of the computers is complete. There is absolutely nothing in the record, however, as to the identity of Defendant's expert, whether the expert has agreed to undertake the requested examination, when the expert might be available to perform the examination, or what steps the expert needs to take or how much time the expert requires to conduct the examination. In fact, the Government's response memorandum indicates that it believes Defendant has not yet identified a computer examiner at all. Under these circumstances, any further continuance would not be consistent with the interests of justice.

Third, Defendant asserts that he needs additional time to locate and interview all witnesses. But Defendant does not specify who he needs to locate, why he needs to interview those individuals, or even whether those witnesses would be willing to be interviewed. The Court already provided Defendant with additional time to conduct his investigations, and there is no indication that a further continuance will assist in achieving this goal or that Defendant has made any progress toward the goal during the most recent continuance. To the extent, however, that any witnesses are under the exclusive control of the Government, the Government is ordered to make those witnesses available to be interviewed, should they consent to being interviewed, as soon as practicable. *See United States v. Bittner*, 728 F.2d 1038, 1041-42 (8th Cir. 1984); *United States v. Long*, 449 F.2d 288, 295 (8th Cir. 1971).

With respect to Defendant's concern that the Court have enough time to consider his other pending motions "without the undue pressure of ruling on these issues quickly," the Court does not find this to be a basis for further postponing this trial. The Court also understands that Defendant has filed an interlocutory appeal of this Court's denial of his motion to dismiss for vindictive prosecution. The Court nevertheless declines to continue the trial on that basis. Finally, although Defendant asserts a delay in communication with the Court because he is currently incarcerated, the record does not support any finding of such a delay as to warrant a continuance. Not only does Defendant have standby counsel who has facilitated Defendant's communications with the Court, but Defendant has been vigorously engaged in daily motion practice. Defendant was aware of his incarceration when he chose to proceed *pro se*, and there is no indication of any significant delay that necessitates additional time.

The Court finds Defendant's arguments to be without merit. It has already granted a continuance and, based on the current record, finds no reason to grant another one. Further, Defendant has made it abundantly clear that he desires a speedy trial—he has raised this issue numerous times, even as recently as September 28, 2012 (the same date he filed this motion for a continuance), at which time he reserved his right to submit a new motion to dismiss for violations of the speedy trial act. *See* Def.'s Mot. Objecting to Sept. 6, 2012 Report & Recommendation 17 (Docket No. 329). Based on the record before the Court, the Court cannot make the determination that the interests of justice weigh in favor of another continuance. Defendant's motion is denied.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's Motion to Continue the Trial Date [Docket No. 328] is DENIED.

2. To the extent that any witnesses are under the exclusive control of the Government, the Government is ordered to make those witnesses available to be interviewed, should they consent to being interviewed, as soon as practicable.

Dated: October 3, 2012

                                                                               s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge